**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS   DIVISION**

| | |
|---|---|
| **FIRST REGENCY ENTERPRISES,** )<br>**INC., et al** )<br> )<br>**v.** )<br> )<br>**CH MM DENTON LLC** ) | **3-07-CV-1175-L** |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on March 17, 2009, and the provisions of 28 U.S.C. § 636(b)(1)(B) and (C)[1] came on to be heard Plaintiff First Regency Enterprises, Inc., and Aster Properties, Inc.'s Motion for Sanctions Pursuant to Rule 37, Federal Rules of Civil Procedure, filed on the same date and the magistrate judge finds and recommends as follows:

Plaintiffs appeared through their counsel and Defendant's attorney of record also appeared, although he has lost contact with the representatives of his client.  Plaintiffs seek an order granting default judgment in their favor based upon CH MM Denton LLC's failure to produce a corporate representative for deposition on the date noticed for its deposition.  A party's failure to appear for deposition constitutes conduct which is sanctionable under Rule 37.  *See* Rule 37(d)(1)(A) (i).  Rule 37 (b)(2)(A)(vi) in turn authorizes the entry of default judgment against a party which fails to attend its own deposition.

The fact that Defendant did not appear for deposition is undisputed. It is, therefore, within the court's discretion to impose an appropriate sanction and will only be overturned in the case of

---

[1] Because the magistrate judge's recommendation, if accepted by the District Court, is case dispositive with respect to CH MM Denton, LLC, the magistrate judge is not authorized to enter an order granting default judgment.

an abuse. *E.g. Emerick v. Fenick Industries, Inc.,* 539 F.2d 1379, 1381 (5th Cir. 1976). Although the entry of default judgment is a "draconian remedy" or a "remedy of last resort," failures to comply with court orders and obligations imposed under the Federal Rules of Civil Procedure deliberately and repeatedly justify imposition of this ultimate sanction.

As reflected in the pleadings and record in this case, Plaintiffs brought this action for declaratory judgment after Defendant made a claim for indemnification under an agreement entered into by the parties which obligated Plaintiffs to place $2,000,00 in an escrow account. Plaintiffs seeks a judgment finding that Defendant is not entitled to the escrowed funds under the "Reliance Agreement." The holder of the funds placed them in the registry of the court.

Previously, when CH MM Denton LLC failed to respond to paper discovery served by Plaintiffs and after Plaintiffs filed a motion to compel, the court ordered Defendant to provide interrogatory answers and to produce documents called for in Plaintiffs' documents request. The court ordered that $1,500.00 in attorneys' fees be paid on or before April 7, 2009. *See* order entered on March 18, 2009 (Doc. 27). As of the date of this recommendation Defendant has neither provided the discovery which was subject of the March 18th order nor has it paid the attorneys' fees imposed.[2]

Due in part to Defendant's failure to maintain contact with its counsel, CH MM Denton LLC has not shown any justification for not producing a corporate representative for deposition. The court finds that Plaintiff has incurred attorneys' fees and expenses in the amount of $2,500.00 in the

---

[2]On April 16, 2009, Plaintiff filed its Second Motion for Sanctions (Doc. 31) which was also referred to the undersigned magistrate judge. That motion is based on the fact that Defendant failed to comply with the court's March 18th order. At the hearing on April 24, 2009, Plaintiff's counsel orally withdrew the motion which also sought entry of a default judgment.

preparation, filing and presentation of the instant motion.

Defendant's omissions and failure to conduct itself in accordance with the Federal Rules of Civil Procedure beginning with its failure to respond timely and completely to Plaintiff's paper discovery and continuing with its failure to produce a deposition witness and with its disregard and non-compliance with an order of this court demonstrate the type of attitude and course of conduct that cannot be corrected by a lesser sanction which warrants the granting of default judgment in Plaintiffs' favor and dismissal of Defendant's counterclaim.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court grant Plaintiffs' motion for sanctions and that default judgment be entered in Plaintiffs' favor, *see* Rule 37(b)(2)(A)(vi), and that Defendant's counterclaim be stricken, *see* Rule 37(b)(2)(A)(iii), and that attorneys' fees and expenses in the amount of $2,500.00 be awarded to Plaintiffs, *see* Rule 37(d)(3) in addition to the $1,500.00 sanction previously imposed in the court's order of March 18, 2009.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 27th day of April , 2009.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge

3

of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.